## HOAG and others *vs.* RATHBUN and others.

A. executes a mortgage to B. upon four lots of land, upon which $800 is unpaid and not yet due. A. after having sold one lot to C. sells a second lot to D. with covenant of warranty, and takes back a mortgage upon that lot, upon which $100 dollars is now due. A. by deed, with like covenant, conveys a third lot to E. and takes back a like mortgage, upon which the like sum of $100 is now due. A. afterwards sells the fourth lot to F. which lot is now worth $1500, without buildings, and $5,000 with the buildings thereon. A. becomes insolvent, and makes a general assignment, including the mortgages of D. and E. A bill in favor of D. and E. asking to pay their mortgages and have the amount applied upon B.'s mortgage will be dismissed.

In such case the lot conveyed to F. is first liable in equity, for the payment of B.'s mortgage, and F. is a necessary party to such bill.

A *quia timet* bill will not lie in favor of D. and E. without the danger to them is certain or imminent.

Insolvency of a grantor, with covenant of warranty, is only a ground of relief in a court of equity, when the danger to the grantor is imminent.

When one of four lots, conveyed last in point of time, is amply sufficient for the payment of a mortgage upon all four of the lots, a bill will not be sustained in favor of the grantees of two of the lots, by elder deeds, against the assignees of the grantor, to apply the balance due upon their mortgages of their several lots towards the payment of the mortgage upon the four lots.

Such application would enure to the benefit of the grantee of the fourth lot, and if any relief could be granted such fourth grantee should be before the court.

THIS case shows that Benjamin Rathbun, Oct. 10, 1833, executed a mortgage to Philander Bennett, upon four lots of ground in Buffalo, to secure $1200, upon which mortgage, $800 and interest is yet unpaid and not yet due. One of the lots of land conveyed by this mortgage, was sold by Rathbun before the sales made to complainants. Oct. 1, 1834, Rathbun sold to James Wilcox one of the four lots,

and conveyed by warranty deed. Wilcox, to secure the purchase money, executed a mortgage to Rathbun upon said lot, for the payment of $300, in three annual installments. The whole of this mortgage has been paid, except the last installment. Wilcox died, and his representatives are the complainants in this suit. On the same, 1st Oct. 1834, Rathbun conveyed another of those four lots to James Williams, by warranty deed. Williams executed a like bond and mortgage to Rathbun for $300, of which all but $100 and interest is paid; subsequently to those two last mentioned conveyances, Rathbun sold the fourth lot, covered by the Bennett mortgage to Henry P. Darrow. It is stipulated that the lot conveyed to Darrow is worth, exclusive of buildings, $1,430, and that he has erected buildings thereon to the value of $3,500. Rathbun made an assignment to the other defendants of all his property, (and among it, Wilcox and Williams' mortgages,) for the benefit of his creditors; and Rathbun is totally insolvent. Williams and the representatives of Wilcox, file a bill to permit them to pay the balance due on their mortgages to Rathbun, and have it applied on the mortgage executed by Rathbun to Bennett, and ask the court that these payments may be so applied. The improper joinder of the complainants is waived.

May, 1839.

Hoag and others
v.
Rathbun and others.

*E. Ford*, for complainant.

*S. G. Haven*, for defendant.

THE VICE CHANCELLOR. This is a bill in the nature of a bill *quia timet*. The complainants fear that they may be injured by the mortgage, executed by Rathbun to Bennett, and that, as Rathbun is insolvent, they will, in case of injury, have no effective

May, 1839.

Hoag and others v. Rathbun and others.

remedy against Rathbun, on their covenant of warranty; and though Rathbun's mortgage to Bennett is not yet due, the complainants ask that they may apply the balance due on their mortgage to Rathbun, to the payment, as far as it will go, of Rathbun's mortgage to Bennett. It is a clear principle of law, that, if Bennett undertakes to enforce his mortgage against Rathbun, upon the four lots, that Darrow's lot, being last conveyed, must be first sold. This lot, with the buildings upon it, is stipulated to be worth $5,000, nearly; and without buildings, nearly $1,500. The complainants, when they purchased their lots, and executed their mortgages, payable before the time of payment of the Bennett mortgage, must be presumed to have known of the existence of the Bennett mortgage, and likewise of the operation of the above rule of law upon the case. They knew that one of the four lots was unsold at the time they made their purchases; and they knew that the fourth lot would be first liable for the payment of the Bennett mortgage. They must be presumed to have had confidence that this fourth lot would be sufficient to pay the Bennett mortgage, or that Rathbun's responsibility would be sufficient; otherwise they would not have given their own mortgages, payable earlier than the mortgage from Rathbun to Bennett.

I am not prepared to say that the court would give no relief, if the complainants were the holders of the Bennett mortgage, or if their lots were first liable for the payment of it, though the Bennett mortgage is not yet due.

But in this case the complainants can have no cause of action against Rathbun, until they are evic-

ted by virtue of the Bennett mortgage. If there was probable danger of their eviction, under this mortgage, the court might, for the purpose of doing substantial justice, and preventing circuity of litigation, give relief. Insolvency, in cases like this, is a ground of relief, provided the danger of injury to the other party is certain, or even imminent.

But in this case, such does not seem to be the fact. Darrow's lot is first liable for the payment of the Bennett mortgage; and that, exclusive of buildings, is worth nearly $1,500, a sum amply sufficient to pay that mortgage. If the application of the mortgage moneys, due from the complainants to Rathbun, should be made, as asked for in this bill it would enure to the benefit of Darrow, rather than the complainants; and Darrow is not a party here. He does not come in and ask for relief; and we do not know what his relations are with Rathbun. It will be time enough to decide upon Darrow's claims for relief when he asks it. The complainants will have a right to call upon Bennett to collect his mortgage, as soon as it is due, upon the known principles of *quia timet* bills, or that the complainants' lots be discharged from the lien of that mortgage. But the complainants have not shewn themselves in such imminent danger of injury, as to entitle them to the relief they asked for, notwithstanding the insolvency of Rathbun.

The bill is therefore dismissed, with costs to be taxed.